IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERT MARTINEZ and SARAH MARTINEZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON, BLUMBERG & ASSOCIATES, LLC,<br><br>    Defendant. | Case No. 1:18-cv-04363 |

**CLASS ACTION COMPLAINT**

NOW COME Plaintiffs, GILBERT MARTINEZ and SARAH MARTINEZ, individually, and on behalf of all others similarly situated, by and through their attorneys, James C. Vlahakis, Joseph S. Davidson and Mohammed O. Badwan, of SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, JOHNSON, BLUMBERG & ASSOCIATES, LLC:

**NATURE OF ACTION**

1.    This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiffs, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

**JURISDICTION, PARTIES AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiffs' FDCPA claims.

1

3. GILBERT MARTINEZ and SARAH MARTINEZ ("Plaintiffs") are natural persons, who at all times relevant resided in this judicial district.

4. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) as they are natural persons obligated or allegedly obligated to pay a debt.

5. JOHNSON, BLUMBERG & ASSOCIATES, LLC ("Defendant") is a domestic limited liability company with its principal place of business in Chicago, Illinois.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

7. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

9. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

10. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. On January 18, 2012, Plaintiffs executed a mortgage in favor of JPMorgan Chase Bank, N.A. (the "Mortgage").

12. The Mortgage secured the purchase of Plaintiffs' personal residence located at 1010 Midnight Pass, New Lenox, Illinois 60451 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $277,894.00 (the "Loan").

14. The Loan provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due.

15. On or before June 13, 2015, JPMorgan Chase Bank, N.A. sold, assigned and transferred the Mortgage to Federal National Mortgage Association ("Fannie Mae").

16. Plaintiffs defaulted on the Mortgage by failing to make certain payments.

17. Fannie Mae accelerated all the payments owing under the Loan, and referred the Mortgage to Defendant for foreclosure.

18. Once the Loan is accelerated the entire balance was due, there were no further monthly payments due and Fannie Mae was therefore no longer required to incur administrative expenses in handling late payments.

19. Accordingly, it would follow then that Plaintiffs could not have "failed" to make post-acceleration payments.

20. On April 18, 2018, Defendant provided Plaintiffs with "Notice Pursuant to Fair Debt Collection Practices Act (the "Notice").

21. The Notice stated:

> 1. "The amount of this debt: As of the date of this letter you owe $255,708.93. Because of interest, *late charges*, and other charges that may vary from day to day, the amount due on the day you pay may be greater." (emphasis added).

3

22. A true and correct representation of the Notice is shown below:

**NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT**

Please be advised that your account has been referred to our law firm for the institution of a foreclosure lawsuit against 1010 Midnight Pass, New Lenox, IL 60451. Our firm is attempting to collect the debt that you owe the present creditor, Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, and any information we obtain will be used for that purpose.

In accordance with the Fair Debt Collection Practices Act, you are hereby notified of the following information:

1. The amount of this debt: As of the date of this letter you owe $255,708.93. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 312-541-9710.

23. A true and correct representation of the Notice is attached as Exhibit A.

24. $255,708.93 represents an acceleration of all the payments owing under the Loan.

25. At no time, did Plaintiffs invoke their right under the Mortgage to reinstate.

26. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveys information regarding the debt allegedly owed directly to Plaintiff.

27. Exhibit A attempted to collect monies owed by Plaintiffs on the Loan.

28. By transmitting Exhibit A to Plaintiffs, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692e

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. The indebtedness allegedly owed to Fannie Mae is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. If late charges are tied to overdue monthly payments, the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

32. While the Loan provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

33. Defendant's statement that "the amount due on the day you pay may be greater" because of late charges is deceptive, false, and misleading once the loan is accelerated and Plaintiffs have failed to reinstate the Mortgage and the Loan because it creates the false impression that Plaintiffs are subject to additional late fees that cannot be charged to the Loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

34. Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in the Notice mailed to Plaintiffs as to the amount of debt owed by Plaintiffs – as the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

35. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

36. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before

reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

37. Accordingly, Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10); and therefore Plaintiffs are entitled to recover damages and costs of the action, together with reasonable attorney's fees.

38. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), e(5), and e(10);

C. an award of any actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A. Numerosity.**

41. On information and belief, Defendant mailed this Notice out to Illinois residents on no less than 40 occasions.

42. The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

**B. Typicality.**

43. Plaintiffs' claims are typical of the claims of other members of the Putative Class.

44. On information and belief, Defendant's business records will show that they mailed this Notice to borrowers on behalf of multiple lenders.

45. Plaintiffs' claims are typical of members of the Putative Class because Plaintiffs and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

**C. Commonality and Predominance.**

46. There are common questions of fact and law with the claims of Plaintiffs and the Putative Class.

47. These common questions of fact and law are whether Defendant threatened the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

48. These common questions of fact and law are subject to common proof through review of Defendant's business records.

49. These common questions of fact and law are answerable for the entirety of the Putative Class.

50. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.     Superiority and Manageability.**

51. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

52. Joinder of all parties is impracticable.

53. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

54. Even if individual members of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

55. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

56. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation.**

57. Plaintiffs will adequately and fairly represent and protect the interests of the Putative Class.

58. Plaintiffs have retained counsel competent and experienced in consumer class actions.

59. Plaintiffs have no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiffs.

60. Plaintiffs' lead attorney, James C. Vlahakis, is an experienced consumer class action attorney who has defended over 100 consumer class action cases since 1998.

61. Mr. Vlahakis has practiced law for approximately 20 years as a consumer class action defense attorney.

62. In conjunction with class counsel, Mr. Vlahakis has gained Court approval of dozens of FDCPA-based class actions as well as numerous class actions brought pursuant to the Telephone Consumer Protection Act ("TCPA").  *See, e.g., In Re Capital One Telephone Consumer Protection Act Litigation*, 1:12-cv-10064 (N.D. Ill. 2012) ($75 million dollar TCPA-based automatic telephone dialing system settlement); *Prater v. Medicredit, Inc. et al.*, 4:14-cv-0159 ($6.3 million dollar TCPA-based automatic telephone dialing system settlement) (E.D. Mo. 2014); *INSPE Associates, Ltd. v. CSL Biotherapies, Inc., et al.*, 1:08-cv-00837 (N.D. Ill. 2008) ($3.5 million TCPA-based junk fax settlement).

64. Mr. Vlahakis has litigated numerous of motions for class certification.  *See*, e.g., *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. 2013) (motion for class certification

9

denied); *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. 2012) (motion to reconsider the order granting class certification is granted).

65. In litigating consumer class actions, Mr. Vlahakis has ascertained the identities of members of putative classes individually as well as with industry experts.

66. Most recently, Mr. Vlahakis was appointed to Plaintiffs' Steering Committee in *In re: Apple Inc. Device Performance Litigation*, 5:18-md-02827 (N.D. Cal. May 5, 2018).

67. Mr. Vlahakis' co-counsel, Joseph S. Davidson and Mohammed O. Badwan, are highly-qualified and experienced consumer class action attorneys.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Violation of 15 U.S.C. § 1692e

68. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

69. If late charges are tied to overdue monthly payments, the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

70. While the Loan provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

71. Defendant's statement that "the amount due on the day you pay may be greater" because of late charges is deceptive, false, and misleading once the loan is accelerated and members of the Putative Class have failed to reinstate the Mortgage and the Loan because it creates the false impression that members of the Putative Class are subject to additional late fees that

cannot be charged to the Loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

72. Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in the Notice mailed to members of the Putative Class as to the amount of debt owed by members of the Putative Class – as the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

73. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

74. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

75. Accordingly, Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10); and therefore members of the Putative Class are entitled to recover damages and costs of the action, together with reasonable attorney's fees.

76. As set forth above, Plaintiffs can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

77. The Putative Class is defined as follows:

All natural persons residing in the State of Illinois who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter as the letter attached hereto as Exhibit A (c) providing "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (d) where the

amount sought represents an acceleration of indebtedness and (e) where the borrower(s) did not invoke their right under the Mortgage to reinstate.

78. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiffs and Counsel for Defendant.

79. Members of the Putative Class will be identified through discovery of Defendant's business records.

80. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiffs, on behalf of members of the Putative Class request the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiffs as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.     a finding that Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10);

C.     an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), e(5), and e(10);

D.     an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.     an award of such other relief as this Court deems just and proper.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

June 23, 2018                                                                          Respectfully submitted,

*/s/ Joseph S. Davidson*

James C. Vlahakis
Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jvlahakis@sulaimanlaw.com
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Gilbert Martinez and Sarah Martinez*